UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Horizon Christian Fellowship, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>Jamie R. Williamson, *et al*;<br><br>Defendants. | Case No. 1:16-cv-12034-PBS<br><br>**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(A)(1)** |

### NOTICE OF VOLUNTARY DISMISSAL

Pursuant to FED. R. CIV. P. 41(a)(1), Plaintiffs Horizon Christian Fellowship, George Small, Swansea Abundant Life Assembly of God, David Aucoin, House of Destiny Ministries, Esteban Carrasco, Faith Christian Fellowship of Haverhill, and Marlene Yeo hereby give notice that this action is voluntarily dismissed without prejudice.

1. On October 11, 2016, the Plaintiffs filed a Verified Complaint for Declaratory and Injunctive Relief, Docket 1.

2. Defendants have not answered the complaint nor filed a motion for summary judgment.

3. FED. R. CIV. P. 41(a)(1)(A)(i) provides that if the opposing party has not yet served either an answer to the complaint or a motion for summary judgment, the plaintiff may voluntarily dismiss its case without a court order by filing a notice of dismissal.

4. In July 2016, the Massachusetts Legislature enacted S.B. 2407, which added "gender identity" as a protected class to the public accommodations laws of the Commonwealth (Mass. Gen. Laws ch. 272 §§ 92A, 98) and directed both the Massachusetts Commission Against

Discrimination (MCAD) and the Attorney General to issue regulations or guidance by September 1, 2016 to effectuate the new law.

5. On that date, MCAD issued its "Gender Identity Guidance," which stated:

> Even a church could be seen as a place of public accommodation if it holds a secular event, such as a spaghetti supper, that is open to the public.

*See* Gyebi, Jr. Aff., Ex. A, Docket 25-1.

6. The Attorney General also issued "Gender Identity Guidance for Public Accommodations" and stated unequivocally on her website that "houses of worship" are places of public accommodation. *See* Nadeau Aff., Ex. A, Docket 25-2.

7. Classifying churches as public accommodations is nearly unprecedented, and a federal judge recently noted that "state and federal courts have held that churches and programs they host are *not* places of public accommodation." *Fort Des Moines Church of Christ v. Jackson*, 2016 WL 6089842, at *37 (S.D. Iowa, October 14, 2016) (emphasis original).

8. As a result, the four plaintiff churches and their pastors had no choice but to file this federal lawsuit to protect their First Amendment freedom to operate their churches consistently with their faith.

9. In response to this lawsuit, the Attorney General's Office revised its website to remove the categorical reference to "houses of worship" as an example of a "place of public accommodation." In a November 7, 2016, letter to the churches' and pastors' attorneys, the Chief of the Civil Rights Division noted that "an unqualified reference to 'houses of worship' was inconsistent" with Massachusetts Supreme Judicial Court precedent, and acknowledged that "[y]our lawsuit caused us to focus on these issues and to make this revision to our website." *See* Nadeau Aff., Ex. B, Docket 25-2.

10. Also in response to the lawsuit, MCAD revised its "Gender Identity Guidance." On December 5, 2016, MCAD issued a revised version that replaced

> Even a church could be seen as a place of public accommodation if it holds a secular event, such as a spaghetti supper, that is open to the public.

with

> The law does not apply to a religious organization if subjecting the organization to the law would violate the organization's First Amendment rights. See Donaldson v. Farrakhan, 436 Mass. 94 (2002). However, a religious organization may be subject to the Commonwealth's public accommodations law if it engages in or its facilities are used for a "public, secular function." Id.

11. Additionally, on December 7, 2016, Defendants MCAD and the Attorney General filed a response to Plaintiffs' request for a preliminary injunction and acknowledged in that filing to the court that "[t]hose activities that the plaintiffs describe specifically, such as sermons, communal worship, other serious services, Sunday school classes, and Bible studies, *see Compl. ¶10*, are plainly protected by the First Amendment," and further acknowledged that church outreach activities fall outside Massachusetts's public accommodations laws because they are an integral part of the churches' religious expression. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. 10, Docket 25.

12. Although Defendants had every opportunity to resolve this matter prior to preliminary injunction briefing, they did not clarify their position on the law's application to churches until now.

13. Plaintiffs do not agree with all of the language in MCAD's revised "Gender Identity Guidance," specifically that Defendants may deem a church a place of public accommodation if—in its opinion—a church event or activity is "secular." But because Defendants have admitted that the Plaintiffs' activities are exempt from the law, the Plaintiffs leave this issue for a future challenge should Defendants attempt to unconstitutionally apply the law to future church activities.

14. Plaintiffs hereby give notice of voluntary dismissal.

15. Therefore, this action should be dismissed without prejudice.

DATED: This 12th day of December, 2016.

Respectfully submitted,

_/s/ Steven O'Ban_
Philip D. Moran
Law Office of Philip D. Moran
415 Lafayette St.
Salem, MA  01970
Tel.:  978-745-6085
philipmoranesq@aol.com

Steven O'Ban*
Erik Stanley*
ALLIANCE DEFENDING FREEDOM
15100 N 90th St
Scottsdale, AZ 85260
Tel.:  480-444-0020
Fax:  480-444-0028
soban@ADFlegal.org

Christiana Holcomb*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Tel.:  202-393-8690
cholcomb@ADFlegal.org
*Not licensed in DC*
*Practice limited to federal court*

*Attorneys for Plaintiff*

*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2016, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Date: December 12, 2016

                                            /s/ Steven O'Ban
                                            Steven O'Ban